```
01
02
03
04
05
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RODNEY L. GARROTT, | ) | CASE NO.: C06-1475-JCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MAGGIE MILLER-STOUT, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Rodney L. Garrott proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 action. (Dkt. 8.) Respondent submitted an answer, arguing that petitioner's claims are unexhausted and procedurally barred, and should be dismissed with prejudice. (Dkt. 16.) Petitioner did not submit a reply. Having reviewed the record in its entirety, including the state court record, the Court recommends that the petition be dismissed with prejudice.

Petitioner challenges his May 28, 2004 conviction by guilty plea to one count of residential burglary. (Dkt. 18, Ex. 1.) King County Superior Court sentenced petitioner to twenty five months confinement. (*Id*. at 4.) Petitioner is currently serving other consecutive sentences and

has a final possible early release date in 2012. (*Id.*, Ex. 2 at 1.)

Acting *pro se*, petitioner filed a "Motion for Withdrawal of Guilty Plea" in the trial court, claiming he was coerced into pleading guilty. (*Id.*, Ex. 4.) The trial court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id.*, Ex. 5.) The Washington Court of Appeals dismissed the petition. (*Id.*, Ex. 3.) Petitioner did not petition for review in the Washington Supreme Court. The Washington Court of Appeals issued its certificate of finality on February 16, 2006. (*Id.*, Ex. 7.)

Petitioner raises four grounds for relief in this habeas action, accurately summarized by respondent as follows:

1. Ineffective assistance of counsel for failure to investigate;

2. Ineffective assistance of substitute counsel for failure to investigate or abide by Garrott's request to move to dismiss;

3. Ineffective assistance of counsel for threatening Garrott to make him plead guilty; and

4. Involuntary guilty plea.

(Dkt. 16 at 2 (summarizing claims as stated in Dkt. 8 at 6-11.)) Respondent argues that petitioner failed to exhaust these now procedurally barred claims. For the reasons described below, the Court agrees with respondent.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and,

REPORT AND RECOMMENDATION
PAGE -2

therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

Additionally, a petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id.* (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than a year after the judgment becomes final. Additionally, if the state court expressly declined to consider the merits of a claim based on an independent and adequate state procedural rule, or if an unexhausted claim would now be barred from consideration by the state court based on such a rule, a petitioner must demonstrate a fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

In this case, petitioner did not exhaust any of his claims. Although he argued that his guilty plea was involuntary in his personal restraint petition, he did not present this argument as a federal

01 constitutional claim. (*See* Dkt. 18, Ex. 4.) Nor did he petition for review in the state's highest

02 court. Accordingly, all of petitioner's claims remain unexhausted.

03       Moreover, because it has been more than one year since petitioner's conviction became

04 final (*see id*., Ex. 7), these claims are procedurally barred by RCW 10.73.090. Although it is not

05 clear, petitioner may assert cause for his procedural default through some inaction or insufficient

06 notification on the part of the Washington Court of Appeals. ( *See* Dkt. 8 at 6-14.) However,

07 these vague assertions do not suffice to establish cause, nor does petitioner otherwise demonstrate

08 that his claims have merit. Therefore, petitioner's unexhausted claims are procedurally barred.

09       For the reasons described above, petitioner's habeas petition should be denied and this

10 action dismissed with prejudice. No evidentiary hearing is required as the record conclusively

11 shows that petitioner is not entitled to relief. A proposed order accompanies this Report and

12 Recommendation.

13       DATED this <u>10th</u> day of April, 2007.

15                           Mary Alice Theiler
                           United States Magistrate Judge