1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY GARROTT,

Petitioner,

v.

MAGGIE MILLER-STOUT, Superintendent,
Airway Heights Correctional Center,

Respondent,

CASE NO. C06-1475-JCC-MAT

ORDER

15

16

17

18

      This Court, having reviewed Petitioner's petition for writ of habeas corpus (Dkt. No. 8),

Respondent's Answer thereto (Dkt. No. 16), the Report and Recommendation of United States

Magistrate Judge Mary Alice Theiler (Dkt. No. 21), the Petitioner's Objections (Dkt. No. 23), and the

remaining record, hereby finds and rules as follows.

19

**I.      BACKGROUND**

20

21

22

23

24

25

      Petitioner Rodney Garrott was convicted by guilty plea on May 28, 2004 of one count of

residential burglary and was sentenced to twenty-five months confinement.  (Record (hereinafter R.)

(Dkt. No. 17) Ex. 1.)  He is currently serving other consecutive sentences and has a final possible early

release date in 2012.  Petitioner moved to withdraw his guilty plea on May 27, 2005, alleging the plea

had been involuntary and that he had been denied effective assistance of counsel.  (R. Ex. 4.)  The trial

26

ORDER – 1

1   court transferred the motion to the Washington Court of Appeals for consideration as a Personal

2   Restraint Petition.  (R. Ex. 5.)

3         The Washington Court of Appeals dismissed the petition, ruling that Petitioner did not meet the

4   requirements to prevail on a claim of ineffective assistance of counsel.  (R. Ex. 3.)  It found that he failed

5   to present facts supporting his allegations, and that the evidence in the record showed he had been

6   advised of the nature of the charge against him and the direct consequences of his plea.  The Washington

7   Court of Appeals issued a Certificate of Finality on February 16, 2006.  (R. Ex. 7.)  Petitioner filed a

8   Motion for Discretionary Review in the Supreme Court of Washington in August 2006.  The motion was

9   rejected for untimely filing because any motion seeking discretionary review of the Order of Dismissal

10  had to have been received by January 9, 2006.  (Pet. 17.)

11        Petitioner now petitions for habeas relief.  The R&R recommends the petition be dismissed with

12  prejudice.  (R&R at 1.)  Petitioner has filed Objections.

13  **II.      ANALYSIS**

14        This Court reviews the R&R and Petitioner's Objections *de novo*.  *See* 28 U.S.C. § 636(b)(1).

15        **A.      Failure to Exhaust**

16  Petitioner failed to exhaust in the state courts the claims he now presents for two reasons.

17              **1.      Petitioner failed to present his claims as federal claims in state courts.**

18        As noted by the Magistrate Judge, Petitioner failed to properly exhaust his claims in state courts

19  because he did not fairly present his claims as *federal* claims in those courts.  (*See* R&R 3–4.)  Petitioner

20  raises no argument to the contrary.  In order to present a claim to a federal court for review in a habeas

21  corpus petition, a petitioner must first have presented that claim to the state court.  *See* 28 U.S.C. §

22  2254(b)(1).  Furthermore, the petitioner must assert that he is in "custody in violation of the Constitution

23  or laws or treaties of the United States."  *Id*. § 2254(a).  In his Motion for Withdrawal of Guilty Plea,

24  Petitioner claimed he had involuntarily pled guilty due to ineffective assistance of counsel and "neglect

25  and mistakes in court procedure" (R. Ex. 4 at 3), yet he did not present these claims as federal claims or

26  ORDER – 2

1  suggest that they implicated federal law.

2  **2.    The state's highest court did not resolve any federal issues.**

3  A petitioner must also "give the state courts one full opportunity to resolve any constitutional

4  issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*

5  *v. Boerckel*, 526 U.S. 838, 845 (1999).  This includes presenting claims to the state's highest court.  *See*

6  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  Contrary to what is stated in the R&R (R&R 2) and the

7  State's Answer (Ans. 2), it appears that Petitioner did attempt to appeal to the Supreme Court of

8  Washington by filing a motion for review on August 24, 2006.  However, the motion was rejected (Pet.

9  17) because it was not filed within thirty days of the order as required under state law.  *See* WASH. R.

10  APP. P. 13.5(a).  Petitioner failed to exhaust the claims he brings to this Court, because the Supreme

11  Court of Washington did not actually resolve *any* issues, much less federal issues, presented in the motion

12  for review.  Thus, Petitioner failed to exhaust for this additional reason.

13  **B.    Procedural Bar**

14  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an

15  independent and adequate state procedural rule, federal habeas review of the claims is barred unless the

16  prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

17  federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

18  justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner is barred from bringing his claims

19  to federal court for two reasons.

20  **1.    Petitioner failed to meet a state procedural requirement in attempting to appeal to the Supreme Court of Washington.**

21

22  First, if a state court clearly and expressly states that its judgment rests on a state procedural bar,

23  the petitioner is barred from asserting the same claim in a federal habeas proceeding. *See Harris v. Reed*,

24  489 U.S. 255, 263 (1989).  Petitioner defaulted his claims when the Supreme Court of Washington

24  rejected his motion for untimely filing.

25

26  ORDER – 3

### 2.   Petitioner would now be barred from attempting to exhaust his claims in state courts.

Second, absent a clear statement by a state court, a federal habeas claim is barred where the petitioner failed to exhaust in state courts, and those courts would now find the claim to be procedurally barred. *See Coleman*, 501 U.S. at 735 n.1.  As noted by the Magistrate Judge (R&R 3), Petitioner's claims are now barred in state courts under a law prohibiting the filing of a petition or motion for collateral attack on a judgment and sentence in a criminal case more than one year after the judgment becomes final.  *See* WASH. REV. CODE § 10.73.090(1).  Petitioner's conviction became final when the Washington Court of Appeals issued a Certificate of Finality on February 16, 2006.  Because it has been over a year since that date, his claims are now time-barred.[1]  Petitioner appears to address this issue in his Objections (Obj. 9), but he misunderstands section 10.73.090(1) to apply to a past motion he filed. Petitioner is barred from filing any *future* motion that he would have to bring in order to exhaust his claims in state courts.  (*See* R&R 4.)

### 3.   No exceptions to the procedural bar apply to Petitioner's claim.

Petitioner appears to object generally to the procedural bar against his claims by asserting that he did not receive notice of the Court of Appeals' order, and that he did not know his petition was dismissed until he received the Certificate of Finality, at which point the time period within which to file a motion to seek review had passed.  (*See* Obj. 10.)  Because Petitioner has procedurally defaulted his claims in state courts, the only avenue available for this Court's review is through one of *Coleman*'s two exceptions. Petitioner fails to meet the requirements of either exception, as follows.

First, Petitioner cannot meet the standard under the "miscarriage of justice" exception, which applies to cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  "To establish the requisite probability,

---

[1] Under section 10.73.100 of the Revised Code of Washington, the one-year limit of section 10.73.090 does not apply to petitions or motions based on certain identified grounds.  *See* WASH. REV. CODE § 10.73.100.  However, Petitioner's claims are not based on any of those grounds.

ORDER – 4

1  the petitioner must show that it is more likely than not that no reasonable juror would have convicted him

2  in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Petitioner does not offer

3  any evidence of actual innocence.

4      Second, Petitioner cannot meet the requirements of the "cause and prejudice" exception.

5      "[C]ause" under the cause and prejudice test must be something *external* to the petitioner,
        something that cannot fairly be attributed to him: "[W]e think that the existence of cause for
6      a procedural default must ordinarily turn on whether the prisoner can show that some
        objective factor external to the defense impeded counsel's efforts to comply with the State's
7      procedural rule."

8  *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "For example, 'a

9  showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that

10  'some interference by officials' . . . made compliance impracticable, would constitute cause under this

11  standard."  *Id*.  Petitioner does not offer evidence suggesting interference by the Washington Court of

12  Appeals or its officials as the cause of his alleged failure to receive notice of the order.  The Magistrate

13  Judge, acknowledging that Petitioner may assert cause through some inaction or insufficient notification

14  on the part of the Washington Court of Appeals, properly found that Petitioner's vague assertions do not

15  suffice to establish cause.  (*See* R&R at 4).  Petitioner fails to raise arguments sufficient to show cause in

16  objection to the R&R's finding.

17      Petitioner, having procedurally defaulted his claims in state courts and not meeting the

18  requirements of either exception to the procedural bar, cannot bring those claims to federal court.

19  **III.    CONCLUSION**

20      For the foregoing reasons, the Court ADOPTS the R&R and DISMISSES WITH PREJUDICE

21  Petitioner's habeas petition.  The Clerk is DIRECTED to CLOSE this case and to send copies of this

22  Order to Petitioner, to counsel for Respondent, and to Magistrate Judge Theiler.

23      SO ORDERED this 27th day of July, 2007.

24

25                                                      John C. Coughenour
                                                         United States District Judge

26  ORDER – 5