UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY L. GARROTT,

    Petitioner,

  v.

MAGGIE MILLER-STOUT, Superintendent,
Airway Heights Correctional Center,

    Respondent.

CASE NO: C06-1475 JCC

ORDER

This matter comes before the Court on Petitioner's Motion for Certificate of Appealability (Dkt. No. 29). The Court has considered the papers submitted by the parties and hereby finds and rules as follows.

**I.    LEGAL STANDARD**

Under the Antiterrorism and Effective Death Penalty Act, an unsuccessful habeas petitioner must first obtain a certificate of appealability ("COA") before he may appeal a district court's denial of habeas relief to the Court of Appeals. 28 U.S.C. § 2253(c). When the district court has not reached the merits of the petition, but rather denied it on procedural grounds, a COA should issue if the Petitioner successfully demonstrates that jurists of reason would find the following two conclusions debatable: (1) whether the district court was correct in its procedural ruling, and (2) whether the petition states a valid claim of the

ORDER – 1

denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both findings are necessary in order to issue a COA. *Id.* at 485. As to the latter requirement, a petitioner must make "a substantial showing of the denial of a constitutional right," which may be satisfied by "showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Any doubt about whether the petitioner has met the necessary standard should be resolved in his favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

## II.   ANALYSIS

Petitioner requests the Court issue a COA on two grounds. First, Petitioner argues he diligently pursued all state remedies before filing his habeas petition in federal court and his failure to exhaust was due to extraordinary circumstances. Second, Petitioner contends that his constitutional rights were violated by ineffective assistance of counsel.

### *A. Reasonable Jurists Could Debate Whether Petitioner's Claims Were Procedurally Barred*

This Court denied Petitioner's habeas petition on procedural grounds, finding that Petitioner failed to exhaust his state remedies. (Dkt. No. 25.) While acknowledging that he failed to exhaust his state remedies, Petitioner argues that this failure resulted from extraordinary circumstances: Petitioner claims that his counsel failed to inform him that his motion at the state trial court to withdraw his guilty plea was transferred to the Washington State Court of Appeals as a PRP. (Mot. for COA 5 (Dkt. No. 29).) Further, Petitioner claims that he did not receive timely notice of the Appellate Court's decision because he was in the process of being relocated between correctional institutions. (*Id.*) Essentially, Petitioner seeks equitable tolling for the period between the Washington Court of Appeal's dismissal of his petition and when he received actual notice of that dismissal. In order to prevail, a litigant seeking equitable tolling must establish two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing

ORDER – 2

*Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Given these facts, this Court did not excuse Petitioner from his procedural failures. However, it is within reason that another jurist could toll the statute of limitations, finding that Petitioner was pursuing his claims, but extraordinary circumstances impeded his ability to track the status of his case.

### *B. Reasonable Jurists Could Debate Whether a Constitutional Right Was Denied*

Petitioner claims that his Sixth Amendment right to effective assistance of counsel was denied when his trial counsel failed to investigate or provide alibi witnesses.(Dkt. No. 29 at 5, 7.) Counsel's failure to investigate or provide alibi witnesses may be grounds for a valid ineffective assistance of counsel claim. *See Brown v. Myers,* 137 F.3d 1154, 1157–1158 (9th. Cir. 1998). In this case, the Court did not reach this question, because it found Petitioner's action procedurally barred. However, if a court were to reach the merits, reasonable jurists could debate whether Petitioner's constitutional right to effective assistance was denied.

### III.   CONCLUSION

Petitioner's Motion for a COA is hereby GRANTED. The clerk is instructed to send a copy of this Order to the Ninth Circuit Court of Appeals.

SO ORDERED this <u>19th</u> day of October, 2007.

John C. Coughenour
United States District Judge

ORDER – 3